**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROKIA NDIAYE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:22-cv-00133-PX |
| | * | |
| TARGET CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM ORDER

This matter is before the Court on the motion to dismiss filed by Defendant Target Corporation ("Target"). ECF No. 8. The time for responding to the motion has passed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion to dismiss is GRANTED.

### I.     Background[1]

On June 26, 2018, Plaintiff Rokia Ndiaye was grocery shopping at a Target store located in Germantown, Maryland. ECF No. 4 at 1. Among her desired items was a 64-ounce bottle of V8 brand vegetable juice. *Id.* at 2. At this particular Target location, the 64-ounce bottles of V8 vegetable juice were only stored on the top shelves of the aisle and were held in place by a spring-loaded device called the "EZ Poad Spring-Loaded Shelf Merchandizing System." ("EZ Spring"). *Id.* The EZ Spring used spring-loaded pressure to keep the bottles from falling off the shelves; if someone removed the front-facing bottle, the EZ Spring would push the remaining bottles forward. *Id.* When operating as intended, the EZ Spring stops the other shelved bottles

---

[1] The Court takes the facts as alleged in the Complaint as true and construes the record most favorably to Ndiaye. *See Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.") (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)).

from falling. *Id.* at 3. But as Ndiaye selected her bottle of V8 vegetable juice from the top shelf, the EZ Spring malfunctioned. Several bottles pushed forward, and struck Ndiaye in the face, neck, and shoulder. ECF No. 4 at 3. Ndiaye was treated for injuries at the Emergency Room of Holy Cross Hospital in Germantown, Maryland. *Id.* She underwent two surgeries and still suffers permanent pain. *Id.* at 4.[2]

In March of 2020, the COVID-19 pandemic interrupted nearly all aspects of public life, including the state and federal court systems. In Maryland, then Court of Appeals Chief Judge, Mary Ellen Barbera, issued a series of Emergency Orders that effectively shut down the courts for several months. ECF Nos. 8-1; 8-2. A companion order directed that all limitations periods would be tolled by the number of days that the courts were closed, with later clarification that this order applied only to "those matters for which the statute of limitations and other deadlines related to initiation would have expired between March 16, 2020, through the termination date of COVID-19 emergency operations in the Judiciary." ECF No. 8-2 at 4.

On November 15, 2021, Ndiaye filed her negligence action against Target in the Circuit Court for Montgomery County, Maryland. ECF No. 4. Target timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. On January 24, 2022, Target moved to dismiss the Complaint on limitations grounds. ECF No. 8. Ndiaye received written notice of the motion but has failed to respond. For the reasons stated below, the motion is granted.

**II.     Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A plaintiff need only

---

[2] Ndaiye proceeds pro se. The Complaint does not provide any specifics on the two surgeries connected to her injuries, or any further detail regarding the ongoing pain she suffers. *See* ECF No. 4.

satisfy the requirement set forth in Rule 8(a) to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679).

Generally, pro se plaintiffs are held to a "less stringent" standard than a lawyer, and a court should construe the claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

### III.    Analysis

Target moves to dismiss the Complaint, arguing it is time barred. ECF No. 8 at 3–4.[3] Ndiaye plainly alleges that Target was negligent in its shelving of the juice bottles, leading to her

---

[3] A statute of limitations defense ordinarily must be raised in an affirmative defense. *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007). However, limitations challenges may be resolved at the dismissal stage where, as here, "all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* (internal

injuries.  *See generally* ECF No. 4.  Accordingly, the Court begins by discerning the appropriate limitations period for Maryland common law negligence action.

As a federal court exercising diversity jurisdiction over a state common-law claim, the Court must apply the law of the forum state.  *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F. 3d 581, 599–600 (4th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).  Under Maryland law, tort actions are governed by the substantive law of the state where the alleged harm occurred.  *See Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 624–25 (2007) (citing *Hauch v. Connor*, 295 Md. 120, 123–24 (1983)).  Because Ndiaye's injury occurred at the Target store in Germantown, Maryland, Maryland law applies.  *See id.*; ECF No. 4.

Maryland strictly enforces applicable limitations periods.  *See Walko Corp. v. Burger Chef Sys., Inc*., 281 Md. 207, 210 (1977) ("The principle of law is indisputable, that when the Statute of Limitations once begins to run, nothing will stop or impede its operation.").  Section 5-101 of the Courts and Judicial Proceedings Article of the Maryland Code requires that the claim must be filed "within three years from the date [the action] accrues." Md. Code. Ann., Cts. & Jud. Proc. § 5-101; *see Litz v. Md. Dep't of Env't*, 434 Md. 623, 640 (2013); *see also Johnson-Howard v. AECOM Special Missions Servs., Inc.*, 434 F. Sup. 3d 359, 371 (D. Md. 2020).  A cause of action accrues when "the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981).

Here, the claim accrued the same day Ndiaye was hit by the flying bottles and sought emergency treatment, June 26, 2018.  Accordingly, the claim had to be filed by no later than June 26, 2021.  Because June 26, 2021, fell on a Saturday, Ndiaye's filing deadline was June 28,

---

quotations and alterations omitted) (citing *Richmond, Fredericksburg, & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

4

2021. Ndiaye did not file suit until November 15, 2021. Further, because the limitations period ended after the COVID-19 tolling period, the Maryland Court of Appeals' orders do not affect this analysis. ECF No. 8-2 (tolling order applies only to those claims where limitations "would have expired between March 16, 2020, through the termination date of COVID-19 emergency operations in the Judiciary."). Thus, because Ndiaye failed to file her action by June 28, 2021, her action must be dismissed as time barred with prejudice. *See Leichling v. Honeywell Intern., Inc.*, No. RDB-14-2589, 2015 WL 5559916, at *5 (D. Md. Sept. 21, 2015) (dismissing with prejudice action as time barred under Maryland's statute of repose).

## IV.   Conclusion

For the foregoing reasons, the motion to dismiss is granted, and the Complaint is dismissed with prejudice.

| | |
|---|---|
| _5/9/2022_ | /s/ |
| Date | Paula Xinis |
| | United States District Judge |